UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD WILLIAM WRIGHT,<br><br>               Petitioner,<br>    v.<br>KARIN ARNOLD[1],<br><br>               Respondent. | Case No. 2:24-cv-01885-RSM-TLF<br><br>ORDER ON PETITIONER'S MOTION TO ADD RESPONDENTS AND SUBSTITUTING KARIN ARNOLD AS THE PROPER RESPONDENT |

Before the Court as to a petition for federal habeas corpus, is petitioner's motion "for leave to add named respondents" Scott Spear and the Washington State Department of Corrections ("DOC"). Dkt. 10.

Petitioner asserted that this action was brought under 28 U.S.C. § 2241. But petitioner is a state prisoner in custody on a Judgment and Sentence from Snohomish County Superior Court. Therefore, the Court construes the petition as filed pursuant to 28 U.S.C. § 2254. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004).

---

[1] Karin Arnold is substituted for the previous respondent Jason Bennet.

ORDER ON PETITIONER'S MOTION TO ADD
RESPONDENTS AND SUBSTITUTING KARIN
ARNOLD AS THE PROPER RESPONDENT - 1

Under Rule (2)(a) of the rules governing § 2254 cases in the United States District Courts, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held ...." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* Fed. R. Civ. P. 25(d) (providing for the automatic substitution of a successor public officer for a predecessor public officer named as a party in an official capacity).

Petitioner moves "for leave to add named respondents" Scott Spear and the DOC. Dkt. 10. Petitioner represents that when he filed his petition he believed Jason Bennett to be the superintendent at Stafford Creek Corrections Center ("SCCC"), but that Scott Spear is now the acting superintendent. *Id.* He asks that Scott Spear and the DOC be added as respondents. *Id.* Respondent did not file a response to the motion.

After petitioner filed his motion, Karin Arnold became the new interim superintendent at SCCC. Petitioner's motion to add Mr. Spear, and the DOC, as respondents (Dkt. 10) is DENIED because Scott Spear is no longer a proper respondent, and petitioner does not demonstrate the DOC would be a proper respondent in this 28 U.S.C. § 2254 habeas action.

Under Fed. R. Civ. P. 25(d), the Court may order substitution of a public officer who is a party in an official capacity when the party no longer holds office while the action is pending. *See, e.g.*, *Evans v. Shinn*, No. CV1905159PHXDWLJZB, 2019 WL 13240760, at *1 (D. Ariz. Nov. 19, 2019) (substituting new director of Arizona

ORDER ON PETITIONER'S MOTION TO ADD
RESPONDENTS AND SUBSTITUTING KARIN
ARNOLD AS THE PROPER RESPONDENT - 2

Department of Corrections as respondent under Fed. R. Civ. P. 25(d) in 28 U.S.C. § 2254 habeas action).

The Court substitutes Karin Arnold, interim superintendent of SCCC, in place of Jason Bennett, as the proper respondent.[2] The Clerk is directed to update the docket accordingly.

Dated this 12th day of March, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

---

[2] No response was filed to petitioner's motion to add respondents. An answer to the petition was filed, arguing that the petition is time-barred and unexhausted. Dkt. 12.

ORDER ON PETITIONER'S MOTION TO ADD RESPONDENTS AND SUBSTITUTING KARIN ARNOLD AS THE PROPER RESPONDENT - 3